UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-8658-SVW (KS)                                  Date: October 15, 2019

Title   *Joe Larry Bryant v. Warren L. Montgomery*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: TIMELINESS**

On October 8, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed an unsigned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)  According to the unsigned Petition, Petitioner is challenging a 2003 conviction for assault with a deadly weapon and, *inter alia*, robbery. (Petition at 2.)  Petitioner was sentenced to 28 years in state prison.  (*Id.*)

Petitioner states that he did not appeal his 2003 conviction and sentence because he did not learn until recently that his sentence was unlawful.  (Petition at 3.)  However, in the last year or two, Petitioner filed several state habeas petitions.  (*See* Petition at 3-4.)  On September 11, 2019, the California Supreme Court denied his last state habeas petition as untimely.  (*See* Petition at 4-5, 12)[1]; *Bryant (Joe Larry) on H.C.*, No. S256223, Docket (Register of Actions), *available at* https://appellatecases.courtinfo.ca.gov (last visited Oct. 11, 2019).  Shortly thereafter, on October 1, 2019, Petitioner delivered the instant Petition to prison authorities for mailing.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Here, it appears from the face of the Petition that the action is untimely and must be dismissed with prejudice pursuant to Habeas Rule 4.

---

[1]     The Petition and its electronically filed attachments are cited as though they formed a single consecutively paginated document.

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-8658-SVW (KS)                                              Date: October 15, 2019

Title      *Joe Larry Bryant v. Warren L. Montgomery*


        The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

        The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

        (A) the date on which the underlying judgment became final through either the
        conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which any impediment to the filing of a federal petition created
        by unconstitutional state action is removed;
        (C) the date on which a newly recognized and retroactively applicable
        constitutional right was first recognized by the United States Supreme Court; or
        (D) the date on which the factual predicate underlying a claim could have been
        discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

        In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and, although Petitioner states that he did not discover the legal basis through his claims until recently when he was doing legal research, Petitioner has not proposed any specific alternative commencement date under Section 2244(d)(1) nor has he established that, with due diligence, he could not have discovered the legal basis for his claims during the original limitations period.

        Furthermore, because Petitioner has conceded he did not appeal his conviction and sentence initially, Petitioner's conviction and sentence became final in 2003, and absent tolling,

**CIVIL MINUTES – GENERAL**

Case No.    CV 19-8658-SVW (KS)                                        Date: October 15, 2019

Title      _Joe Larry Bryant v. Warren L. Montgomery_

expired a year later in 2004.  *See Patterson*, 251 F.3d at 1246.  Petitioner constructively filed his federal petition in October 2019, approximately 15 years after the limitations period expired. Finally, the Court's review of the Petition and the California state courts website suggests that Petitioner did not file any state habeas petition for many years after 2004.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (to qualify for statutory tolling, a state petition must be filed before, not after, the expiration of AEDPA's one-year limitations period).  Thus, Petitioner has not demonstrated that he is entitled to statutory tolling, and the Petition is facially untimely.

In sum, Petitioner filed the Petition approximately 15 years after the AEDPA statute of limitations expired and he:  (1) has not proposed, let alone demonstrated that he is entitled to, an alternative commencement date; (2) has not demonstrated that he is entitled to statutory or gap tolling for any state habeas petitions; and (3) has not alleged any extraordinary circumstances that prevented him from timely filing this action, *see Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).  Accordingly, it appears from the face of the Petition that the action must be dismissed as untimely.

In light of the foregoing and in the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before November 5, 2019 why the Petition should not be dismissed** – that is, Petitioner must file, no later than November 5, 2019 a First Amended Petition that includes specific factual allegations demonstrating that either the Petition is timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.  In addition, Petitioner must sign the First Amended Petition under penalty of perjury, as instructed on the eighth page of the Central District's form petition that is attached to this Order.

If Petitioner no longer wishes to pursue this action, he may file, in lieu of a First Amended Petition, a signed document entitled "Notice Of Voluntary Dismissal" dismissing the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1).

\\
\\
\\
\\

## CIVIL MINUTES – GENERAL

Case No.    CV 19-8658-SVW (KS)                                    Date: October 15, 2019

Title      *Joe Larry Bryant v. Warren L. Montgomery*


Petitioner's failure to timely comply with this Order and adequately establish the timeliness of this action may result in a recommendation of dismissal.

**IT IS SO ORDERED**.

                                                                        :

                                            **Initials of Preparer**    gr