# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 19-8658-JLS (KS)                              Date: October 25, 2019

Title    _Joe Larry Bryant v. Warren L. Montgomery_

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|                Gay Roberson                |                    N/A                    |
| :----------------------------------------: | :---------------------------------------: |
|                Deputy Clerk                |          Court Reporter / Recorder        |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: TIMELINESS**

## BACKGROUND

On October 8, 2019, Petitioner, a California state prisoner proceeding _pro se_, filed an unsigned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. No. 1.)  According to the unsigned Petition, Petitioner is challenging a May 2003 conviction for assault with a deadly weapon and, _inter alia_, robbery.  (Petition at 2.)  Petitioner was sentenced to 28 years in state prison.  (_Id._)

Petitioner states that he did not appeal his 2003 conviction and sentence because he did not learn until recently that his sentence was unlawful.  (Petition at 3.)  However, in the last year or two, Petitioner filed several state habeas petitions.  (_See_ Petition at 3-4.)  On September 11, 2019, the California Supreme Court denied his last state habeas petition as untimely.  (_See_ Petition at 4-5, 12)[1]; _Bryant (Joe Larry) on H.C._, No. S256223, Docket (Register of Actions), _available at_ https://appellatecases.courtinfo.ca.gov (last visited Oct. 11, 2019).  Shortly thereafter, on October 1, 2019, Petitioner delivered the instant Petition to prison authorities for mailing.

## APPLICABLE LAW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the

---

[1]      The Petition and its electronically filed attachments are cited as though they formed a single consecutively paginated document.

petitioner is not entitled to relief." Here, it appears from the face of the Petition that the action is untimely and must be dismissed with prejudice pursuant to Habeas Rule 4.

As the Court previously informed Petitioner, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

**DISCUSSION**

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and, although Petitioner states that he did not discover the legal basis through his claims until recently, Petitioner has not proposed any specific alternative commencement date under Section 2244(d)(1) nor has he established that, with due diligence, he could not have discovered the legal basis for his claims during the original limitations period.

Case No.   CV 19-8658-JLS (KS)                            Date: October 25, 2019

Title       *Joe Larry Bryant v. Warren L. Montgomery*


Furthermore, because Petitioner has conceded he did not appeal his conviction and sentence initially, Petitioner's conviction and sentence became final in July 2003, and absent tolling, expired a year later in 2004. *See Patterson*, 251 F.3d at 1246. Petitioner constructively filed his federal petition in October 2019, more than 15 years after the limitations period expired. Finally, the Court's review of the Petition and the California state courts website suggests that Petitioner did not file any state habeas petition for many years after 2004. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (to qualify for statutory tolling, a state petition must be filed before, not after, the expiration of AEDPA's one-year limitations period). Thus, Petitioner has not demonstrated that he is entitled to statutory tolling, and the Petition is facially untimely.

Accordingly, on October 15, 2019, the Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely. Specifically, the Court ordered Petitioner to file, no later than November 5, 2019, a signed First Amended Petition that includes specific factual allegations demonstrating that either the Petition is timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition. On October 23, 2019, Petitioner filed a response to the Court's Order to Show Cause (Dkt. No. 4 (hereinafter "OSC Response")), but this response is not a signed First Amended Petition nor does it establish that the Petition is timely.

To the contrary, Petitioner contends that, under California state law, there is no statute of limitations on a habeas claim attacking the legality of his sentence. (OSC Response at 2.) The California Supreme Court rejected this contention when it denied Petitioner's claim as untimely. Regardless, federal law—in the form of AEDPA—does impose a statute of limitations on any federal habeas petition, regardless of the type of claim it presents. It is up to the petitioner to establish that his federal petition is timely under this federal statute of limitations, which Petitioner plainly has not done, having presented no allegations that he is entitled to an alternative commencement date under Section 2244(d)(1) or that, with due diligence, he could not have discovered the legal basis for his claims during the original limitations period.

Petitioner also suggests that his 2003 conviction and sentence did not become final until after the California Supreme Court ruled on his state habeas petition earlier this year. (*See* OSC Response at 2.) This is incorrect. Petitioner's conviction became final on the date on which his ability to appeal that conviction expired. *Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010);

## CIVIL MINUTES – GENERAL

Case No.    CV 19-8658-JLS (KS)                              Date: October 25, 2019

Title       _Joe Larry Bryant v. Warren L. Montgomery_


*see also* Cal. Rules of Court, Rule 8.308(a) (notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed).

Accordingly, Petitioner's arguments in the OSC Response are unpersuasive, and the Petition remains subject to dismissal as an unsigned and facially untimely petition.  Nevertheless, in the interests of justice, Petitioner is granted one <u>final</u> opportunity to avoid dismissal.

### ORDER

**IT IS THEREFORE ORDERED that, no later than November 15, 2019, Petitioner shall file a First Amended Petition that is <u>signed under penalty of perjury</u> and presents:**

**(1) all of his claims for federal habeas relief; and**

**(2) specific factual allegations demonstrating that either the claims are timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.**

If Petitioner no longer wishes to pursue this action, he may file, in lieu of a First Amended Petition, a signed document entitled "Notice Of Voluntary Dismissal" dismissing the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1).

Petitioner's failure to timely comply with this Order and adequately establish the timeliness of this action <u>will</u> result in a recommendation of dismissal.

**IT IS SO ORDERED**.

                                                                         _____
                                                                                        :
                                                   **Initials of Preparer**    _gr_____